UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PAUL WINSTON PERRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:13-cv-00106 |
| § | |
| AUTOCRAFT INVESTMENTS, § | |
| INC. D/B/A NATIONAL PARTS § | |
| DEPOT AND MARCEL THERRIEN, § | |
| § | |
| Defendants. | |

## MEMORANDUM AND ORDER

This case arises from an automobile accident between Plaintiff Paul Perry and Defendant Marcel Therrien, who is an employee of Defendant Autocraft Investments, Inc. Therrien was driving a truck for Autocraft westbound on Interstate 10 in Houston when he allegedly struck Perry. Defendants seek to transfer this case to the Houston Division of the Southern District of Texas, arguing that it is a more convenient forum. Having reviewed the parties' submissions and briefs, as well as the applicable law, including the Fifth Circuit's recent ruling on intradistrict transfers, *see In re Radmax, Ltd.*,--F.3d--, No. 13-40462, 2013 WL 3018520 (5th Cir. June 18, 2013) (per curiam), the Court **GRANTS** Defendants' motion to transfer venue.

## I. STANDARD FOR CONVENIENCE TRANSFERS

Transfer of venue is governed by section 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The statute is intended to save time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience. *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H-05-1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). The plaintiff's initial choice of forum is entitled to deference, especially when he has chosen his home forum. *Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981)). "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."[1] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

---

[1] In *Radmax*, the Fifth Circuit noted conflicting authority on whether a plaintiff's choice of forum is given more or less deference when an intradistrict transfer is sought, but declined to "announce a general standard governing intra-district transfers in all situations." *Radmax*, 2013 WL 3018520, at *2 (noting Eastern District of Texas cases affording plaintiffs' choice greater deference for intradistrict transfers but also citing a leading civil procedure treatise that concludes the deference should be less in this context (citations omitted). This Court will therefore apply the same "clearly more convenient" standard that *Volkswagen* announced for interdistrict transfers. *Cf. Id.* at *1 (noting that courts should consider the same factors

The application of section 1404(a) is a two-part process. The court must first determine whether the judicial district to which transfer is sought is a district in which the claim could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If so, the court must then determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," by weighing a number of private and public interest factors, none of which are given dispositive weight. *Id.* (citations and internal quotation marks omitted). Specifically, the Fifth Circuit has articulated the following factors:

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted). "The 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *Radmax*, 2013 WL 3018520, at *1 (citation omitted).

---

considered for interdistrict transfers when analyzing intradistrict transfers).

## II.   ANALYSIS

As an initial matter, it is undisputed that Perry's claim could have originally been filed in the Houston Division. The venue statute, 28 U.S.C. § 1391, is based on districts, not divisions. If venue is proper in Galveston, it is also proper in Houston.

Turning to the convenience factors, as discussed below, the Court finds that three favor transfer to Houston, one favors retaining the case in Galveston, and four are neutral or not implicated.

### A.   The Factors that Favor Transfer to Houston

The first factor that favors transfer to Houston is "the relative ease of access to sources of proof." *In re Volkswagen AG*, 371 F.3d at 203. Evidence relating to the accident and its investigation, including medical records that relate to Perry's alleged injuries, is located in Houston. The accident took place in Houston, and Perry was given medical treatment in Houston. Perry argues that "[w]ith advances in communication, transportation, and the preservation of testimony, costs and encumbrances that were once oppressive are now usually surmountable." Docket Entry No. 8 at 6 (internal citation and quotation marks omitted). But, *Radmax* explains that it is the "*relative* ease of access, not *absolute* ease of access" that is the relevant inquiry. *Radmax*, 2013 WL 3018520, at *1 (emphasis in original). Thus, although the inconvenience of obtaining sources of proof in the Galveston

Division may be slight, Houston's relatively easier access to evidence favors transfer.

The next factor that favors transfer to Houston is the cost of attendance for willing witnesses. It is the nonparty witnesses whose convenience is the most important consideration. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex 2000) (citations omitted). Perry argues that because the distance between Houston and Galveston is less than 100 miles, this factor does not support transfer. In the Fifth Circuit, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue . . . is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of Amer.*, 545 F .3d at 317 (citation and internal quotation marks omitted). However, this 100-mile threshold does not mean that "transfer *within* 100 miles does not impose costs on witnesses or that such costs should not be factored into the venue transfer analysis, but only that this factor has greater significance when the distance is greater than 100 miles." *Radmax*, 2013 WL 3018520, at *2 (emphasis in original). In *Radmax*, the Fifth Circuit found a distance of approximately 60 miles to be sufficient to weigh in favor of transfer. *Id*. The 50-mile distance from Galveston to Houston is similar. Defendant has identified nonparty witnesses—medical professionals and a police officer—from Houston. Although this factor does not weigh heavily because of

the proximity of Galveston to Houston, the relative convenience of nonparties, especially those in this case who perform public safety duties, favors Houston.[2]

The third factor that favors transfer is the interest in having localized interests decided at home. Perry argues that because Autocraft's drivers travel through the Galveston Division, there is a local interest in having this matter resolved in the Galveston Division. The Court finds, however, that the Houston Division has a stronger interest in this case: the incident took place in Houston, the witnesses—Houston police and medical personnel—are in Houston, all other identified evidence is in Houston, and Perry himself resides in Houston. These factors all create a greater local interest of resolving this issue in the Houston Division. *See In re Volkswagen of Amer.*, 545 F.3d at 317 (finding under similar circumstances that this factor favored transfer).

B.  **The Factor that Favors Galveston**

The single factor that weighs in favor of retaining the case in Galveston is the first public interest factor—"the administrative difficulties flowing from court congestion." *In re Volkswagen AG*, 371 F.3d at 203. Although Galveston has a larger civil docket than Houston on a per judge basis, criminal cases typically pose a greater impediment to prompt civil trial settings. In May of 2013, the Galveston

---

[2] Defendants make reference to the possible inconvenience for their attorneys if they were to have to come to Galveston, but the convenience of attorneys is not a consideration in the section 1404(a) convenience transfer analysis. *In re Volkswagen AG*, 371 F.3d at 206.

Division had 14 total criminal cases on its docket, while the Houston judges averaged between 80 and 90. The Galveston Division's lighter criminal docket allows it to resolve civil matters more quickly. Thus, this factor favors retaining the case.

### C. The Neutral Factors

The remainder of the convenience factors are neutral or not implicated by these facts. The first is "the availability of compulsory process to secure the attendance of witnesses." *Id.* All of the likely witnesses are within the subpoena power of both the Galveston and Houston Divisions. Second, "the delay associated with transfer may be relevant . . . where a transfer of venue would have caused yet another delay in an already protracted litigation," *Radmax*, 2013 WL 3018520, at *2 (internal citation, quotation marks, and alterations omitted), but "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *Id*.

The last factors—the forum's familiarity with the governing law and possible conflicts of law arising from the application of foreign law—do not affect the analysis. Both the Galveston and Houston Divisions are equally capable of applying Texas tort law, which indisputably applies.

## III. CONCLUSION

After weighing the factors, the Court concludes that the three favoring Houston substantially outweigh the one favoring Galveston, making the Houston Division "clearly more convenient." Therefore, the Court **GRANTS** Autocraft Investments, Inc. and Marcel Therrien's motion to transfer venue (Docket Entry No. 5). This action is transferred to the Houston Division of the Southern District of Texas. The Court will enter a separate order of transfer.

**IT IS SO ORDERED.**

**SIGNED** this 2nd day of July, 2013.

_____
Gregg Costa
United States District Judge